UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN JOHNSON and ROBERT CHARLES BURDEN | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| | * | |
| BIG LOTS STORES, INC. | * | JUDGE: |

2004 NOV 23  PM 12: 00

04-3201

SECT.N MAG. 1

## COLLECTIVE ACTION PURSUANT TO §216(b) OF
## THE FAIR LABOR STANDARDS ACT

Plaintiffs, John Johnson and Robert Charles Burden, individually and on behalf of all

other similarly situated opt-in collective action members, collectively bring this action against

Defendant, Big Lots Stores, Inc., for the following, to-wit:

### DESCRIPTION OF THE PARTIES

1.

Defendant, BIG LOTS STORES, INC., is a foreign corporation, authorized to do and

doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

Defendant operates retail facilities within the U.S. District Court, Eastern District of Louisiana's

jurisdiction.  This defendant may be served through its registered agent, CT Corporation

Systems, 8550 United Plaza Boulevard, Baton Rouge, Louisiana, 70809.

2.

Plaintiff, ROBERT CHARLES BURDEN, a major individual, is domiciled at 21042

Meehan Avenue, Port Charlotte, Florida, 33942.  At all pertinent times, Mr. Burden was

employed by defendant as an Assistant Manager and was so employed from June, 1997 to

1

Fee_150.
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

September 11, 2004.

3.

Plaintiff, JOHN JOHNSON, a major individual, domiciled at 3823 Nemo Avenue, North

Port, Florida, 34287.  At all pertinent times, Mr. Johnson was employed by defendant as an

Assistant Store Manager and had been so employed since June, 2003, in Venice, Florida.

## JURISDICTION

4.

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq.

This action is further brought as a collective action pursuant to §216(b) of the FLSA for payment

of unpaid overtime wages.

5.

This Honorable Court is vested with personal jurisdiction in that defendant is registered

to do business within the State of Louisiana and actually conducts business within the

jurisdiction of this Honorable Court.

## FACTUAL ALLEGATIONS

6.

Plaintiff, John Johnson, has been employed by defendant as an Assistant Store Manager

since June, 2003.  Mr. Johnson remains so employed as of this date.

7.

Plaintiff, Robert Charles Burden, has been employed as an Assistant Manager by

defendant since June, 1997, and was so employed until September 11, 2004.

2

8.

All Big Lots stores are operated under managerial control exercised by its corporate headquarters.  There are no deviations in job duties or descriptions from store to store. Defendant employs a uniform payroll practice and the job duties of Assistant Manager are the same throughout the chain of Big Lots Stores, Inc.

9.

Plaintiffs have been required to work in excess of 40 hours per week consistently through the beginning of their respective employment.  The job duties of Assistant Manager require Assistant Managers to spend the majority of their time in physical labor pursuits such as stocking shelves, operating the cash registers, unloading trucks, placing stock in the storeroom, straightening the merchandise, assisting customers with merchandise handling and cleaning the bathroom.

10.

Plaintiffs' actual managerial duties, if any, were *de minimis* and constituted less than ten percent of their work day.

11.

Defendant has, in the past, and currently continues to, misclassify the Assistant Managers as exempt from the overtime requirements of the Fair Labor Standards Act.  The job duties performed by the Assistant Managers do not meet any of the exemptions set forth in the Fair Labor Standards Act.  Therefore, these jobs are, in fact and in law, non-exempt from the overtime provisions of the FLSA.

3

12.

Plaintiffs, and all those similarly situated Assistant Managers, who have been required to work in excess of 40 hours per week, yet who were not paid earned overtime wages, have been improperly classified as exempt from the FLSA and are entitled to receive unpaid overtime wages.

13.

Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d). Further, defendant is an "enterprise" within the meaning of 29 U.S.C. §203(r).

14.

At all times herein, defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1) and has employed employees that are engaged in commerce or in the production of goods for commerce, or employs handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000.00.

15.

In addition to the misclassification as exempt of the Assistant Manager position, plaintiffs allege that defendant has required them and similarly situated individuals to work "off the clock" by performing certain job duties in anticipation of their hours of employment without compensation.  Defendant is liable for all hours worked, which should be utilized in the calculation of the hours worked per week.

4

## FLSA VIOLATIONS

16.

Defendant violated the FLSA and §206, §207, and §215(a)(2) by employing employees in an enterprise engaged in commerce in the production of goods, within the meaning of the FLSA, who were required to work in excess of 40 hours per week without compensating these employees at an overtime rate of pay for hours worked in excess of 40 hours per week. All these employees are entitled to rates of pay not less than one and one half of each individual's regular rate of pay for all hours worked over 40 hours per week.

17.

The job of Assistant Manager is not exempt from the FLSA. Defendant misclassified these employees as exempt despite the absence of any facts upon which an exemption should apply.

18.

On information and belief, defendant has previously resolved litigation in the State of California arising out of its payroll practices. As a result of this litigation, and the claims made therein, Big Lots has reclassified certain of its employees as non-exempt from the FLSA. Despite this prior litigation, defendant knowingly, willfully and/or in reckless disregard carried out and continues to carry out its corporate policy and practice of misclassifying Assistant Managers as exempt from the FLSA. Plaintiffs, and all those who are similarly situated, are entitled to not only overtime wages under the FLSA, but liquidated damages, attorney fees and costs in addition thereto.

5

## COLLECTIVE ACTION

19.

Plaintiffs bring this case as a collective action pursuant to §216(b) of the FLSA.

Plaintiffs allege that the corporate payroll practices and policies of defendant are applicable

companywide and are not of limited application.

20.

Plaintiffs are representative of those similarly situated individuals who are current or

former employees of Big Lots Stores, Inc., who are employed as Assistant Managers, who were

required to work in excess of 40 hours per week and who did not receive overtime compensation

at the rate of at least one and one-half times their regular rate of pay.

21.

Plaintiffs attach hereto their respective Consent Forms.

WHEREFORE, plaintiff prays that there be judgment herein in favor of plaintiffs and

against defendant as follows:

1)      By recognizing this proceeding as a collective action pursuant to §216(b) of the

        FLSA;

2)      By requiring defendant to provide the names and addresses of all similarly

        situated collective action members;

3)      Approving the form and content of a Notice to be sent to all putative collective

        action members advising them of the pendency of this litigation and of their rights

        with respect thereto;

4)      For judgment finding that plaintiffs and the putative collective action members are

6

entitled to overtime pay at a rate not less than one and one-half times their regular

rate of pay;

5)      For an award of liquidated damages, attorney fees and costs, all as allowed by the

         FLSA; and

6)      For all general and equitable relief.

                               Respectfully submitted:

                               McCRANIE, SISTRUNK, ANZELMO, HARDY,
                                 MAXWELL & McDANIEL, P.C.
                               Michael T. Tusa, Jr. (Bar Roll No.: 02154)
                               3445 N. Causeway Boulevard, Suite 800
                               Metairie, Louisiana 70002
                               Telephone: 504/846-8427

                                     -and-

                               BOHRER LAW FIRM, L.L.C.
                               8712 Jefferson Highway
                               Suite B
                               Baton Rouge, Louisiana 70809
                               Telephone: 225/925-5297

                               By:_____
                                    Philip Bohrer
                                    Bar Roll No.: 14089

                                       7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN JOHNSON and ROBERT CHARLES BURDEN | * | CIVIL ACTION NO.: |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| | * | |
| BIG LOTS STORES, INC. | * | JUDGE: |

## CONSENT TO BECOME PARTY PLAINTIFF

NOW comes the undersigned person who, pursuant to 29 U.S.C. §216(b) files this consent to become a party plaintiff in the above lawsuit.

I hereby specifically authorize counsel to file suit on my behalf and on behalf of all those similarly situated. I understand that this matter will proceed on my behalf and as a Collective Action.

This the 12th day of November, 2004.

_____
Signature

_____
Printed Name   John W. Johnson

_____
Address   3823 Nemo Ave.

_____
City, State, Zip   North Port FL 34287

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

JOHN JOHNSON and ROBERT CHARLES
BURDEN

VERSUS

BIG LOTS STORES, INC.

\* CIVIL ACTION NO.:
\*
\*
\* SECTION:
\*
\* MAGISTRATE:
\*
\* JUDGE:

---

## CONSENT TO BECOME PARTY PLAINTIFF

NOW comes the undersigned person who, pursuant to 29U.S.C. §216(b) files this consent to become a party plaintiff in the above lawsuit.

I hereby specifically authorize counsel to file suit on my behalf and on behalf of all those similarly situated. I understand that this matter will proceed on my behalf and as a Collective Action.

This the _12_ day of _November_, 200_4_.

_____
Signature

Robert Charles Burden
Printed Name

21042 Meehan Ave
Address

Port Charlotte, FL 33952
City, State, Zip