UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN JOHNSON and<br>ROBERT CHARLES BURDEN | *   CIVIL ACTION NO. 04-3201  c/w 05-6627<br>*<br>*   JUDGE:  SARAH S. VANCE |
| VERSUS | *<br>*   MAGISTRATE: SALLY SHUSHAN |
| BIG LOTS STORES, INC. | *<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR LEAVE TO CONDUCT VIDEOTAPED TRIAL DEPOSITIONS**

**I.     INTRODUCTION**

The Court has scheduled just seven days of trial to hear this FLSA collective action consisting of 947 opt-in plaintiffs scattered nationwide.  The Court has allowed the Plaintiff and the Defendant to each designate 45 non-expert witnesses and two expert witnesses.  Presumably, the Court anticipates that the bulk of testimony submitted into evidence at trial will be by way of designation of deposition excerpts.  Yet, under the Trial Plan Order, only three days are allotted for the taking of "trial depositions" after the close of discovery.

Last month, counsel for the Defendant informed Plaintiff's counsel that Defendant intends to conduct videotape depositions of a number of the eleven opt-in plaintiffs who were previously deposed before document production and other discovery had occurred in connection with certification of this case as a collective action.  The Defendant intends to submit excerpts

from these videotaped depositions taken just for trial into evidence at trial. Initially, Plaintiff's counsel agreed to allowing these individuals to be re-deposed, subject to reaching an acceptable agreement on the scope of questioning at the second deposition. When Defendant's counsel was not willing to agree to refrain from asking questions that were asked in the initial round of discovery depositions, Plaintiff's counsel thereafter indicated that they would refuse to produce these witnesses for deposition.

All but two of the eleven previously deposed Plaintiffs are beyond the subpoena power of the Court. Given the nature of this case, it is unlikely that any of these opt-in plaintiffs will actually attend the trial. Yet, their testimony and the Court's assessment of their credibility may be pivotal in determining the merits of this collective action. Not only would denying the Defendant the opportunity to videotape these individuals prejudice the Defendant, it would also deprive the Court of the benefit of having these witnesses' testimony presented in a logical efficient manner that would best assist the Court. Plaintiffs' objection to these trial depositions is unreasonable and unfair.

## II.   DEFENDANT SHOULD BE ALLOWED TO CONDUCT VIDEOTAPED TRIAL DEPOSITIONS OF PREVIOUSLY DEPOSED PLAINTIFFS

Federal Rule of Civil Procedure 30(a) governs the taking of depositions. That Rule expressly contemplates that certain witnesses or parties may have to be deposed more than once. Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure provides in pertinent part:

> "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, the person to be examined already has been deposed in the case."

Fed. R. Civ. P. 26(b)(2)(C) allows the Court to limit discovery only if it finds:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

2

>ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Courts routinely have held that leave to conduct a second deposition should ordinarily be granted where the burden on the opposing part is not great and the deposition was not unreasonably cumulative or duplicative. *See e.g., Judicial Watch, Inc. v. United States Dep't of Commerce,* 34 F. Supp. 2d 47, 54 (D.D.C. 1998) (permitting second round of depositions of DOC officials); *Alexander v. F.B.I.,* 186 F.R.D. 113 (D.D.C. 1998) (allowing second deposition of White House Office Records Management); *Estell v. Williams Scotsman, Inc.,* 228 F.R.D. 668 (N.D. Okla. 2005) (allowing second deposition of co-worker). Only where the opposing party has established that one of the three Rule 26(b)(2) factors exists should permission to take a second deposition be denied. *Judicial Watch, Inc.*, 34 F. Supp. 2d at 54. Typically, the fact that some questioning in a second deposition may be duplicative of previous deposition questions is not sufficiently burdensome to justify denying a party leave to re-depose a witness. *See, e.g., Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, No. 02-1005, 2006 U.S. Dist. LEXIS 39213 (M.D. Fla. June 14, 2006).

Applying these rules here, the Court should permit Big Lots to conduct trial depositions of previously deposed plaintiffs. The depositions are not unreasonable and are necessary to presentation of Big Lots' case. While the Federal Rules of Civil Procedure do not distinguish between "trial" and "discovery" depositions, there is a practical distinction, as this Court recognized in allotting specific time for the taking of trial depositions. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002); *Tatman v. Collins*, 938 F.2d 509 (4th Cir. 1991). Accordingly, just because the opt-in plaintiffs' prior depositions *may* be used for any

purpose, including the presentation of evidence at trial, does not mean that Defendant should be prohibited from taking a trial deposition of plaintiffs beyond the subpoena power in order to present its evidence in a more orderly fashion, even if it involves re-deposing and videotaping some of the previously deposed opt-in plaintiffs.  That these witnesses may be asked questions that they were asked at their prior depositions does not make the depositions unreasonable.  No such restriction is placed on questioning of witnesses at trial.  Nor should such a restriction be imposed upon a deposition taken specifically for trial.  Moreover, as Defendant has mentioned before,[1] the credibility of the opt-in plaintiffs in describing their job duties and responsibilities will likely be critical to the Court's determination of their exempt or non-exempt status.  The Court should not be deprived of the opportunity to assess these witnesses' demeanor, inflection and other non-verbal indicia of truthfulness simply because they happen to have been deposed previously during the certification stage and are beyond the subpoena power.

Plaintiffs cannot establish any of the factors that possibly would justify denial of leave to take these trial depositions.  The trial depositions will not be unreasonably cumulative or duplicative.  The previous depositions were not particularly lengthy in the first place, lasting generally only a few hours each.  And, Defendant has no intention of rehashing these depositions in their entirety.  Rather, Defendant anticipates reviewing certain discrete areas of the plaintiffs' previous testimony and asking appropriate questions for trial.

Further, taking these trial depositions will not unduly burden plaintiffs.  Any additional "burden" and "expense" occasioned by allowing Defendant to explore some portion of the plaintiffs' previous testimony is minimal in nature and is clearly outweighed by the benefit of presenting these plaintiffs' trial testimony in a cohesive and coherent manner.  Particularly in

---

[1] *See* Memorandum of Defendant Big Lots Stores, Inc. in Opposition to Plaintiffs' Motion to Amend Trial Plan Order and to Strike Defendant's Witnesses (Document 163), at 6-7.

light of the fact that these individuals are opt-in plaintiffs who are, by and large, beyond the subpoena power of the Court, Defendant ought to be allowed to take their videotaped depositions for trial, unfettered by any concern as to whether they are covering ground addressed in their prior depositions. Defendant would obviously be prejudiced if it were deprived the opportunity to provide the Court with a single, comprehensive source from which it can assess these witnesses' testimony in its totality.

## III.     CONCLUSION

Defendant's Motion for Leave to Conduct Videotaped Trial Depositions should be granted. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), leave should be granted unless the opposing party establishes the grounds for denial. Plaintiffs cannot do so because the trial depositions are necessary, not unreasonably cumulative and duplicative and are not burdensome.

Respectfully submitted,

*s/Judy Y. Barrasso*

Judy Y. Barrasso, 2814
Stephen H. Kupperman, 7890
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, LLC
909 Poydras Street, 24th Floor
New Orleans, LA 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701

James E. Davidson, 0024534
John J. Krimm, Jr., 0038915
John P. Gilligan, 0024542
Paul L. Bittner, 0061674
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135

Attorneys for Big Lots Stores, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was delivered to the following counsel of record via electronic mail on the 15th day of January, 2008:

Michael T. Tusa, Jr.
McCRANIE, SISTRUNK, ANZELMO
HARDY, MAXWELL &McDANIEL
3445 North Causeway Boulevard, 8th Floor
Metaire, LA 70002

Michael A. Josephson
FIBICH, HAMPTON & LEEBRON, LLP
1401 McKinney, Suite 1800
Houston, TX 77010

Philip Bohrer
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809

*s/Judy Y. Barrasso*
_____