```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

JOHN JOHNSON, ET. AL.                           CIVIL ACTION

VERSUS                                          NO: 04-3201

BIG LOTS STORES, INC.                           SECTION: R(1)


**ORDER**

Before the Court is defendant Big Lots Stores, Inc.'s "renewed motion to decertify" this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Plaintiffs filed suit against Big Lots on November 23, 2004, alleging that Big Lots has denied them overtime pay and misclassified them as exempt executive employees under the FLSA. (*See* R. Doc. 1.) On March 1, 2005, plaintiffs moved the Court to certify this matter as a collective action under 29 U.S.C. § 216(b). (*See* R. Doc. 16.) Using the judicially developed "two-stage" approach to the certification of collective actions under the FLSA, *see Mooney v. Aramco Servs., Inc.*, 54 F.3d 1207, 1214

(5th Cir. 1995), the Court conditionally certified this matter as a collective action on July 6, 2005, to allow the parties to notify potential plaintiffs about the suit so that they might opt into the litigation and to conduct discovery to determine whether collective treatment would be appropriate in this case. (*See* R. Doc. 36.) Under the two-stage approach to certification, the defendant, after completing discovery, may move to decertify the case as a collective action, at which point the Court inquires more closely whether the plaintiffs are similarly situated such that collective treatment of the claims is appropriate. *Id*.

On June 1, 2007, after having nearly two years to conduct discovery, Big Lots moved to decertify this matter as a collective action. (*See* R. Doc. 95.) After holding a hearing on Big Lots' motion to decertify, the Court denied Big Lots' motion on August 21, 2007. (*See* R. Doc. 113.) On November 6, 2007, on the joint motion of the parties, the Court entered a scheduling order in this case, providing that all dispositive motions must be filed in time to be set for hearing on or before March 1, 2008. (*See* R. Doc. 128.) Trial in this matter, which involves the claims of approximately 900 opt-in plaintiffs from across the country, is set to begin on May 7, 2008.

Big Lots' renewed motion to decertify is essentially a motion for reconsideration of the Court's earlier August 21, 2007

order denying Big Lots' original decertification motion. It is also an out-of-time dispositive motion, as granting it would dispose of the claims of hundreds of opt-in plaintiffs. Big Lots filed its motion on April 9, 2008 and set it for hearing on April 30, 2008, well past the deadline in the scheduling order. But Big Lots has not sought leave to file its motion past the deadline. Although Big Lots had nearly two years to conduct discovery before it filed its first motion for decertification and had seven months to conduct additional discovery and prepare any dispositive motions after the Court denied its motion to decertify, Big Lots has waited to set its motion for hearing one week before trial. Big Lots has offered no explanation for why it failed to file its motion in a timely manner, and the Court finds none. The decertification issue was fully litigated after Big Lots had ample opportunity to conduct discovery. Big Lots fully participated in the Court's consideration of this issue, albeit with results with which it disagreed. Big Lots' motion, filed on the eve of trial is repetitive, untimely, and will only delay resolution of this matter. The Court will not consider it, and ORDERS the motion stricken from the record in this case, as Big Lots did not seek, and the Court does not grant, leave to file this out-of-time motion.

New Orleans, Louisiana, this 10th day of April 2008.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE