```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN JOHNSON, ET. AL.                      CIVIL ACTION

VERSUS                                     NO: 04-3201 c/w
                                               05-6627

BIG LOTS STORES, INC.                      SECTION: R(1)
```

## ORDER AND REASONS

Before the Court is plaintiffs' motion to strike Patty Hecker and Melanie Muirbrook from defendant's witness list. For the following reasons, the Court DENIES plaintiffs' motion.

### I.    BACKGROUND

The background facts in this case are well-known to the parties, and the Court has discussed them in earlier orders. Accordingly, the Court focuses on the facts pertinent to each of the witnesses addressed in plaintiffs' motion to strike.

## II.  PATTY HECKER

### A.  Hecker's Participation in this Litigation

Patty Hecker is a former assistant store manager (ASM) for defendant Big Lots, Inc. She joined this litigation as a named plaintiff shortly after the original two plaintiffs, John Johnson and Charles Burden, filed suit. (*See* R. Docs. 3, 4.) She is now one of 936 opt-in plaintiffs who allege that Big Lots failed to pay them overtime wages and misclassified them as exempt executive employees under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* During the discovery stage on the question of whether it would be proper to try this matter as a collective action, Hecker was one of 12 opt-in plaintiffs whom counsel for the parties deposed. In her deposition taken on August 22, 2006, which the Court reviewed while considering Big Lots' motion to decertify, Hecker made statements that are somewhat unfavorable to plaintiffs' position and lent some support to Big Lots' defense that the job duties of ASMs make them properly classified as executive employees exempt from the overtime wage provision under 29 U.S.C. § 213(a)(1). For instance, she stated that she had hired multiple associate employees while employed as an assistant manager. At the deposition, counsel for both parties then agreed to hold the record in Hecker's deposition open and in

abeyance to allow plaintiffs' counsel the opportunity to question Hecker and for defense counsel to further cross-examine the witness. (*See* Hecker Dep. at 188-89.)

During discovery leading up to trial, Big Lots sought to depose Hecker further, but plaintiffs' counsel was unable to produce Hecker. Plaintiffs' counsel lost contact with Hecker after she gave her deposition during the decertification discovery phase of this litigation. Yet she remained as a plaintiff in this case. Apparently, Hecker was not the only opt-in plaintiff that counsel had difficulty securing for depositions. In response, Magistrate Judge Sally Shushan on February 26, 2008 issued an order requiring plaintiffs' participation at depositions to be held either here in New Orleans or at a mutually agreeable alternative location. The magistrate judge directed in her order that

> (2) each plaintiff designated by any party as a witness shall appear for his/her deposition in New Orleans at a time and place to be agreed upon by the attorneys for the parties; and (3) **if a plaintiff fails to appear for the deposition without good cause, for example serious illness or a death in the immediate family, the undersigned shall recommend that plaintiff's claim, pursuant to Fed. R. Civ. P. 41(b), shall be dismissed for failure to prosecute.**

(R. Doc. 227 (emphasis in original).) Despite the magistrate judge's order, the parties did not continue Hecker's deposition, and it is not clear whether they tried to schedule another

deposition after the magistrate judge issued her order. On March 26, 2008, however, roughly two weeks before the parties' final will call witness lists were due, plaintiffs' counsel notified Big Lots that plaintiffs would not produce responses to discovery requests for Hecker because she "could not be located and/or have declined to further participate in this lawsuit." (*See* R. Doc. 339-2.) But at no time has Hecker moved to voluntarily dismiss her claim against Big Lots, nor has Big Lots moved to dismiss Hecker as a plaintiff in this case for failure to prosecute. Big Lots seeks to call Hecker as a witness at trial or, in the alternative, introduce her deposition in lieu of live testimony. Big Lots has personally served Hecker in Tennessee with a subpoena commanding her presence on the first day of trial, May 7, 2008. (*See* R. Doc. 351.)

**B.   Analysis**

Plaintiffs now seek to strike Hecker as a witness. Counsel for plaintiffs make two arguments in support of the motion to strike. First, they put forth the argument that their client should be jettisoned under Rule 41 or Rule 37 of the Federal Rules of Civil for her failure to prosecute her claims. According to plaintiffs' counsel, "plaintiffs do not oppose Ms. Hecker's dismissal from the case under Fed. R. Civ. P. 41 for failure to prosecute." (R. Doc. 334-5 at 3.) Plaintiffs, however, overlook a

crucial missing link: no one has properly moved for Hecker's dismissal. Rule 41(a)(1)(A)(ii) permits a plaintiff to voluntary dismiss her claims after a defendant answers by filing "a stipulation of dismissal signed by all parties who have appeared." Uner Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Here, Hecker has not requested that her claims be dismissed, and she has not filed a stipulation signed by all parties; she has not filed a stipulation at all. Under Rule 41(b) "a *defendant* may move for dismissal." The granting of a Rule 41(b) motion to dismiss typically "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Big Lots has not moved to dismiss Hecker under Rule 41(b). Nor has Magistrate Judge Shushan recommended dismissal of Hecker under her February 26, order.

Under Rule 37(b)(2)(C), a court may issue "[a]n order . . . dismissing the action or proceeding or any part thereof or rendering a judgment by default against" a party who fails to provide or permit discovery. But before now, no one has moved to dismiss Hecker under that rule. Plaintiffs' counsel now recommend that their own client, whose interests they are bound to protect, receive the ultimate discovery sanction of dismissal. The Court declines this rather unseemly suggestion. The case on which plaintiffs rely, *FDIC v. Conner*, 20 F.3d 1376 (5th Cir. 1994),

involved a motion by the *defendants* to dismiss the plaintiffs' claims for discovery abuses and is inapposite in this context.

Second, plaintiffs move to exclude the use of Hecker's deposition taken during the decertification discovery phase in the event that she does not appear for trial. Plaintiffs argue that Big Lots has not met its burden of proving that Hecker's deposition is admissible under Rule 32(a). Under Rule 32(a), a party may introduce all or part of a deposition at trial for use against any party who was present or represented at the taking of the deposition, "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." Deposition testimony "may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, *or for any other purpose permitted by the Federal Rules of Evidence*." Fed. R. Civ. P. 32(a)(1) (emphasis added). Federal Rule of Evidence 801(d)(2) permits a party to introduce a statement or admission by a party-opponent. A party may introduce a party-opponent's deposition testimony as "substantive evidence." *Fiber Systems Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1160 (5th Cir. 2006) (citing *Gower v. Cohn*, 643 F.2d 1146, 1153 n.11 (5th Cir. 1981)). *See also Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 95 (Fed. Cl. 2004). Hecker is a named plaintiff in this case, and she testified about several

aspects of her job experience in her deposition. Thus, Big Lots may introduce her statements as admissions of a party-opponent. Plaintiffs' argument that Big Lots may not use Hecker's deposition because it was held in abeyance is unavailing. Plaintiffs' own questioning of the witness is not a prerequisite for admission of a party's statement against him or her under Rule 801(d)(2).

Plaintiffs also argue that Big Lots has failed to show that it is not responsible for procuring Hecker's absence, thus failing to satisfy the conditions under Rule 32(a)(3) that warrant the introduction of deposition testimony in place of live testimony are present here. Use of deposition testimony for any purpose is permissible if the court finds, among other conditions, that the witness is more than 100 miles from the court or out of the country, "unless it appears that the absence of the witness was procured by the party offering the deposition," or "that the party offering the deposition has been unable to procure the attendance of the witness by subpoena." Fed. R. Civ. P. 32(a)(3)(B), (D). Federal Rule of Evidence 801(d)(2) provides a ground for the admission of Hecker's deposition testimony that is independent from Federal Rule of Civil Procedure 32(a). *See Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1192 (10th Cir. 2004) (explaining in a

7

similar context that Fed. R. Ev. 804 provides an independent ground for the admission of deposition testimony); *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. at 95. Nevertheless, the Court addresses the issue of Hecker's unavailability, because had Big Lots prevented her from being further deposed or prevented her from appearing live, then such actions would raise serious concerns. But there is not an iota of evidence that Big Lots is somehow responsible for Hecker's failure to attend her noticed deposition earlier this year or that it has taken steps to ensure her unavailability. On the contrary, Big Lots has only this month hired an investigator to track Hecker down and subpoenaed her presence. Hecker apparently resides in Tennessee, well beyond a 100-mile radius from this Court. Since locating Hecker, Big Lots has served her with a subpoena, but there is no guarantee that she will appear, especially considering her earlier failures to attend a noticed deposition leading up to the trial. Accordingly, the Court concludes that Big Lots has not procured Hecker's absence.

Further, the cases on which plaintiffs rely are inapposite in this context. Unlike the situation here, in which the defendant has called one of the plaintiffs over whom it has no control and seeks to use that plaintiff's deposition in case she does not appear, the cases that plaintiffs cite involved

situations in which the party seeking to introduce deposition testimony in lieu of live trial testimony or continue the trial was the very party who could not or would not attend trial. *See Garcia-Martinez v. City & Cty. of Denver*, 392 F.3d 1187, 1190-92 (10th Cir. 2004) (involving situation in which § 1983 plaintiff, who sought to introduce his own deposition testimony at trial, procured his own absence by leaving the country); *Fairfield 274-278 Clarendon Trust v. Dwek*, 970 F.2d 990, 995 (1st Cir. 1992) (barring defendant from introducing his own deposition testimony in lieu of live testimony when defendant had not shown why he was unable to attend trial); *Vevelstad v. Flynn*, 230 F.2d 695, 702 (9th Cir. 1956) (involving situation in which the trial court denied the *defendant's* motion for a continuance because the *defendant* himself was unavailable). This is not a situation in which Big Lots seeks to introduce deposition testimony of a party over whom it has control. Plaintiffs' counsel has not come forward with a satisfactory reason for preventing Big Lots from introducing sworn testimony from Hecker, who is a named plaintiff in this action.

### III. MELANIE MUIRBROOK

Plaintiffs next move to strike Melanie Muirbrook from Big Lots' witness list on the ground that Big Lots failed to timely

disclose Muirbrook's employment records with Big Lots in advance of her deposition. Plaintiffs deposed Muirbrook, a non-party witness, on March 10, 2008. About a week earlier, on March 5, 2008, plaintiffs served a subpoena *duces tecum* on Big Lots' counsel seeking records related to Muirbrook's employment. Approximately a half-hour before Muirbrook's deposition began, plaintiffs' counsel was greeted at the site of the deposition with a large volume of documents related to Muirbrook's employment that he did not have time to review before the deposition was scheduled to begin. Plaintiffs' counsel allegedly objected to taking Muirbrook's deposition at that time without first reviewing the documents, although he stated on the record only that he reserved the right to re-depose her at a later date. Counsel then proceeded with the deposition.

    Plaintiffs now move under Federal Rule of Civil Procedure 37(c)(1) to strike Muirbrook as a witness. Rule 37(c)(1) provides that if a party fails to provide information pursuant to a Rule 26 discovery request, then that party "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Plaintiffs have not shown that Big Lots violated any discovery protocol. They point to an order by the magistrate judge entered *after* Muirbrook's deposition requiring Big Lots to "make its best

10

effort" to produce requested documents at least 24 hours in advance of any witness depositions. But plaintiffs point to no disclosure deadline that in existence before and that Big Lots violated in connection with the Muirbrook deposition. Moreover, plaintiffs have not demonstrated, and they do not even argue, that they were somehow prejudiced by receiving Muirbrook's employment records on the day of her deposition. They went ahead with her deposition, and there is no indication that they sought to re-depose her at a later date. They have not identified any follow-up questions that are necessary because of the subsequent review of the documents. In the absence of any evidence of harm, the Court finds no reason to strike Muirbrook as a witness.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion.

New Orleans, Louisiana, this <u>29th</u> day of April 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE