UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOHNSON, ET. AL.                    CIVIL ACTION

VERSUS                                   NO: 04-3201 c/w
                                             05-6627

BIG LOTS STORES, INC.                    SECTION: R(1)


**ORDER AND REASONS**

Before the Court is plaintiffs' motion *in limine* to exclude the testimony of Brad Waite. For the following reasons, the Court DENIES plaintiffs' motion.


**I.   BACKGROUND**

In April 2006, plaintiffs noticed Big Lots' corporate deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. In their notice, plaintiffs listed a range of topics on which they sought discovery about the Big Lots assistant store manager (ASM) job position at issue in this case. At the same time, plaintiffs' counsel also filed a Rule 30(b)(6) notice in a separate case against Big Lots in which they represented

different plaintiffs. That case, *Hanks v. Big Lots Stores, Inc*., No. 504CV-238-DF (E.D. Tex.), involved the alleged misclassification of Big Lots furniture department managers.

Big Lots designated William Coney and Peter Schnorf as its Rule 30(b)(6) corporate representatives in this case. Big Lots designated Brad Waite, the company's Executive Vice President, and Schnorf as its representatives in the *Hanks* matter. (*See* R. Doc. 331-7.) In late June 2006, plaintiffs' counsel conducted Rule 30(b)(6) depositions in both this case and *Hanks* at Big Lots' counsel's office in Columbus, Ohio, near Big Lots' corporate headquarters. Plaintiffs' counsel deposed Waite on June 28, 2006. The caption on Waite's deposition lists both this case and the *Hanks* action, and at the beginning of Waite's deposition, plaintiffs' counsel explained that he was conducting depositions for both cases before proceeding to question Waite about ASMs and furniture department managers. But during Waite's deposition, Big Lots' former counsel clarified that Waite had been designated as a corporate representative "on various topics having to do with the *Hanks* case on furniture manager issues." (*See* Waite Dep. at 70.)

Although Big Lots did not designate Waite as its 30(b)(6) representative in this case, Big Lots has listed him multiple times as one of the witnesses whom it plans to call at trial.

Each time this Court has required the parties to submit lists of
the witnesses whom they plan to call at trial, Big Lots has
included Waite as one of the witnesses. (*See* R. Docs. 129 at 2;
231-2 at 3; 315 at 4.) On November 15, 2007, shortly after the
parties exchanged their initial witness lists, Big Lots' counsel
notified plaintiffs' counsel that Waite would serve as Big Lots'
primary witness on Big Lots' good faith defenses and that he
would be available for deposition. (*See* R. Doc. 338-3.) Big Lots
also listed Waite as a will-call witness in the joint pretrial
order that the parties submitted to the Court on April 21, 2008.
(*See* R. Doc. 349 at 152.) In the pretrial order, Big Lots states
that Waite will testify about his employment as an Executive
Vice President of Big Lots, the classification of Big Lots'
employees under the FLSA, and Big Lots' salary and compensation
policies and practices. Big Lots contends in its brief that the
testimony of Coney and Schnorf is "largely irrelevant" and that
Waite's anticipated testimony is not an effort to disavow the
deposition testimony of its 30(b)(6) designees. Plaintiffs now
move to exclude Waite.


## II. DISCUSSION

     At issue here is whether Big Lots is precluded from offering
Waite as a witness at trial because it did not designate him as a

3

corporate representative under Federal Rule of Civil Procedure 30(b)(6) when plaintiffs noticed Big Lots' corporate deposition. Rule 30(b)(6) provides that when a party notices a corporation for a deposition, the corporation must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." In its deposition notice, the discovering party must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, "[t]he persons so designated shall testify as to the matters known or reasonably available to the organization." *Id.*

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition. *See Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf." *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996). It also saves the opposing party from having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal

4

knowledge on topics with which others in the corporation are familiar, as was often the case before the advent of Rule 30(b)(6) in 1970. *See Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006).

Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. As noted, *supra*, the discovering party must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The designating party must designate knowledgeable representatives and/or take appropriate steps to prepare such designees. If the initial designee is unable to provide answers to questions within the scope of the noticed topics for deposition, then the corporation has an obligation to furnish alternative representatives. *See Brazos River Authority*, 469 F.3d at 433 (explaining that "[i]f it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute"). If the designated agent is "not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Id.* at 433-34 (internal quotations omitted). Moreover, statements by corporate designees under Rule 30(b)(6) are binding on a corporate party because the

5

corporation, by making the designation, "represents that the employee has authority to speak on behalf of the corporation." *Id.* The corporation "appears vicariously" through its representative. *Resolution Trust Corp.*, 985 F.2d at 197. In other words, "[t]he designee, in essence, represents the corporation just as an individual represents himself. Were it otherwise, a corporation would be able to deceitfully select at trial the most convenient answer presented by a number of finger-pointing witnesses at the depositions." *Taylor*, 166 F.R.D. at 361.

Although the testimony of a corporate representative under Rule 30(b)(6) is binding on the corporation, such testimony does not constitute a "judicial admission" that decides an issue with finality or estops a party from contradicting the testimony of an earlier corporate representative. *See, e.g., A&E Prods. Group., L.P. v. Mainetti USA, Inc.,* No. 01 Civ 10820(RPP), 2004 WL 345841, at *6-*7 (S.D.N.Y. Feb. 25, 2004) (allowing corporate party to introduce declaration of one of its employees that was inconsistent with deposition testimony corporation's Rule 30(b)(6) representative); *Industrial Hard Chrome Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (explaining that [R]ule 30(b)(6) deposition "testimony is not a judicial admission that ultimately decides an issue. The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition

6

testimony, can be contradicted and used for impeachment purposes"); *W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991) (allowing corporate party to offer at trial evidence contrary to its corporate representative's earlier testimony in a Rule 30(b)(6) deposition); *Hyde v. Stanley Tools*, 107 F. Supp. 2d 992, 992-93 (E.D. La. 2000) ("[While a] court may disregard an affidavit which directly contradicts an earlier 30(b)(6) deposition . . . [c]ourts have allowed a contradictory or inconsistent affidavit to nonetheless be admitted if it is accompanied by a reasonable explanation."). *Cf. Brown & Root, Inc. v. Am. Home Assur. Co.*, 353 F.2d 113, 116 (5th Cir. 1965) (explaining in the context of an expert witness who contradicted his earlier deposition testimony at trial that "except for those specialized, rare assertions characterized as judicial admissions, a party is entitled to explain an admission and even to retract it. When that is done, the factual evaluation of the admission vis-à-vis explanation, retraction, or repudiation is for the trier of fact.")

The Fifth Circuit has explained the difference between a judicial admission and an evidentiary admission as follows:

> A judicial admission is a formal concession in the pleadings or stipulation by a party or counsel that is binding on the party making them. Although a judicial admission is not

itself evidence, it has the effect of withdrawing a fact
from contention. . . . By contrast, an ordinary evidentiary
admission is merely a statement of assertion or concession
made for some independent purpose, and it may be
controverted or explained by the party who made it. A
judicial admission is conclusive, unless the court allows it
to be withdrawn; ordinary evidentiary admissions, in
contrast, may be controverted or explained by the party.

*Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476-77 (5th

Cir. 2001) (internal quotations and citations omitted).

"[F]actual assertions in pleadings and pretrial orders are

considered to be judicial omissions [that are] conclusively

binding on the party who made them." *White v. ARCO/Polymers,*

*Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). But statements made by

a party, whether an individual or a corporation through its

designated representative, "operate as adverse evidentiary

admissions" that may be revised later. *Id. See also Taylor*, 166

F.R.D. at 362 n.6 (explaining that a "designee can make

admissions against interest under Fed. R. Ev. 804(b)(3) which are

binding on the corporation").

Consistent with the view that Rule 30(b)(6) helps to make a

corporate party more like an individual by requiring the

designation of someone who can speak on the corporation's behalf,

a corporation is subject to the same opportunity to revise its

designee's earlier testimony as an individual. So just as an

individual is bound by her earlier testimony, so too is a

8

corporation. And just as an individual may seek to revise her earlier statements, so too may a corporate party through its designated witness. Such efforts, however, are properly subject to the critical scrutiny of the trier of fact, in this case the Court, keeping in mind that a corporate party has an obligation to designate a knowledgeable witness under Rule 30(b)(6) and that the Rule 30(b)(6) designee's statements represent the corporation's position on discussed topics.

Plaintiffs essentially make two arguments why Big Lots should not be permitted to introduce Waite as a witness. First, they argue that Big Lots, by calling Waite to testify at trial, has effectively "de-designated" Coney and Schnorf as its Rule 30(b)(6) corporate representatives and is seeking to avoid the adverse effects of statements that they made in their depositions. In other words, plaintiffs contend that Big Lots is trying to ambush plaintiffs with Waite's testimony, something Rule 30(b)(6) seeks to prevent. Second, they contend that Big Lots did not make Waite available to plaintiffs for deposition.

At the outset, the Court observes that neither of the parties here has described in detail the testimony that Waite is expected to offer at trial, which makes assessing Waite's relationship to the deposition testimony of Coney and Schnorf difficult. Big Lots states generally in the pretrial order that

9

Waite "will testify as to facts regarding his employment with Big Lots as Executive Vice President, the classification of Big Lots employees under the Fair Labor Standards Act, and Big Lots' salary and compensation policies and practices." (Pretrial Order at 152.) Those topics were listed in plaintiffs' Rule 30(b)(6) deposition notice. There, plaintiffs' list of deposition topics included, *inter alia*, the decision by Big Lots to classify ASMs as exempt under the FLSA and all pay practices and pay policies related to ASMs. (*See* R. Doc. 331-6 at 7-8.) In its brief, Big Lots represents that Coney's and Schnorf's deposition testimony is "largely irrelevant." At this point, whether Waite will offer testimony that contradicts the statements of Big Lots' Rule 30(b)(6) designees is unclear. In any event, the Court finds that the authorities cited above mean that Big Lots is not foreclosed from calling Waite, even if his testimony contradicts or explains statements made by either Coney or Schnorf. Big Lots is still bound by the deposition statements of Coney and Schnorf as its Rule 30(b)(6) designees. It cannot shed those statements by calling Waite. Plaintiffs can call Coney and Schnorf, and they can impeach Waite with the testimony of Big Lots' 30(b)(6) designees. *See W.R. Grace*, 1991 WL 211647, at *2. And obviously, Big Lots faces credibility hurdles to the extent that it seeks to use Waite to recast statements of its designated representatives.

10

But Big Lots is not foreclosed from calling Waite, even if his testimony is different from the 30(b)(6) designees.

Moreover, nothing in Rule 30(b)(6) requires a corporate party to call its designees as witnesses or bars it from calling another of its employees as a witness. Other courts have explained that a corporate party is not bound to call its 30(b)(6) designees and that a corporate party is permitted to call corporate employees who were not 30(b)(6) representatives. *See, e.g., Fraser Yachts Florida, Inc. v. Milne*, No. 05-21168-CIV-JORDAN, 2007 WL 1113251, at *2 (S.D. Fla. Apr. 13, 2007); *N.A.A.C.P. v. A.A. Arms, Inc.*, NO. 99 CV 3999(JBW), at *1 (E.D.N.Y. Apr. 4, 2003). Plaintiffs have not cited any on-point authority that Big Lots is barred from introducing as a witness at trial an employee whom it did not designate as a Rule 30(b)(6) designee, and the Court has found none.

The case on which plaintiffs principally rely for this proposition, *Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F. Supp. 2d 82 (D.D.C. 1998), involved a clear case of sandbagging, and is distinguishable from the situation here. In *Rainey*, the plaintiff brought an overtime pay action against her former employer and alleged that she was misclassified as an exempt administrative employee under 29 U.S.C. § 213(a). The court granted Rainey's motion for summary judgment on the

11

misclassification issue because the defendant-employer was unable
to point to a genuine issue of material fact about whether the
nature of Rainey's job duties qualified her as an exempt
administrative employee. The defendant's 30(b)(6) corporate
representative answered multiple times at his deposition that he
did not know about the nature of the plaintiff's job functions,
despite plaintiffs' request in her Rule 30(b)(6) notice that the
defendant produce a corporate representative knowledgeable about
her job duties. *After* Rainey moved for summary judgment, the
defendant filed an affidavit by a former co-worker of the
plaintiff's to overcome the problems with its affirmative defense
posed by its corporate representative's lack of knowledge. The
affiant attested to certain facts about the plaintiff's job
duties in boilerplate language that closely tracked the standard
for exempt administrative employees articulated in the Department
of Labor's regulations. *Id.* at 94. The plaintiff then contested
the inclusion of that affidavit in the record for purposes of
summary judgment, and the court struck the affidavit from the
record. In so doing, the court emphasized that allowing a
corporate party to claim ignorance at its 30(b)(6) deposition
when it had an obligation to produce witnesses competent to
testify to issues included in plaintiffs' deposition notice and
then conveniently produce an affidavit raising an issue of fact

12

after its designee was unable to do so flouts the purpose of Rule
30(b)(6). To allow the defendant to introduce the eleventh-hour
affidavit after the plaintiff took the representative's
deposition and moved for summary judgment, the court reasoned,
"would produce the very result that [Rule 30(b)(6) aims to
forestall." *Id.* at 95. Here, there is no indication that Waite
will answer questions on topics on which Coney and Schnorf could
not respond or claimed a lack of knowledge at their depositions.
Plaintiffs have voiced no complaint about the adequacy of Coney
and Schnorf as 30(b)(6) witnesses. The reasons for striking the
late affidavit in *Rainey* do not exist here.

The other cases that plaintiffs cite lend no support to
their motion. *Sprint Communications Co., L.P. v. Vonage Holdings
Corp.*, No. 05-2433-JWL-DJW, 2007 WL 2333356, at *5 (D. Kan. Aug.
15, 2007), simply states the legal standard that a corporate
party has an obligation under Rule 30(b)(6) to designate a
knowledgeable representative and to take steps to educate its
designee about the subject matter for the deposition. The other
case that plaintiffs cite, *Media Services Group, Inc. v. Lesso,
Inc.*, 45 F. Supp. 2d 1237 (D. Kan. 1999), arguably undermines
their position. At issue in *Lesso* was the effect of a corporate
representative's nonresponsiveness during his 30(b)(6) deposition
on a motion for summary judgment. The *Lesso* court observed that

13

"the binding effect of the testimony of a Rule 30(b)(6) deponent is merely as an evidentiary admission. As such it may be controverted or explained by a party, as contrasted with a judicial admission." *Id.* at 1254 (internal quotations and citations omitted).

The Court also finds plaintiffs' second argument that Big Lots did not offer Waite for deposition and denied them access to him equally without merit. Plaintiffs' counsel deposed Waite nearly two years ago in June 2006. The caption of Waite's deposition lists both this case and the *Hanks* case. At the beginning of Waite's deposition, plaintiffs' lead counsel explained that the deposition was for this case and the *Hanks* case. And the deposition itself included multiple lines of questioning about Big Lots ASMs — a topic that was not identified in the *Hanks* deposition notice. Plaintiffs maintain, however, that they did not question Waite about the issues identified in the 30(b)(6) notice for this case because Big Lots had not designated him as its corporate representative in this case.[1] As

---

[1] The Court has read Waite's deposition and notes that although the majority of it concerns the classification of furniture department managers, which was at issue in the *Hanks* litigation, there is extended inquiry into issues concerning ASMs. (*See* Waite Dep. at 26, 30-39, 48-49, 66-69; 81-91, 105.) Plaintiffs' assertion that counsel did not depose Waite on any substantive issues relating to ASMs does not fairly characterize these portions of the deposition.

14

noted, *supra*, Big Lots' former counsel also clarified midway through Waite's deposition that Waite had been designated as Big Lots' representative for the *Hanks* deposition. But Big Lots' attorney never objected to ASM-related questions as outside the scope of the deposition notice.

Regardless of whether plaintiffs' counsel deposed Waite on issues related to this case, there is no indication that Big Lots ever concealed Waite or blocked plaintiffs' access to him. Plaintiffs have known about Waite and his role in the company for at least two years. They could have sought to depose him under Rule 30(a) during the discovery phase of this case. In addition, after deposing Waite, Coney, and Schnorf in June 2006, if plaintiffs believed that Big Lots had improperly designated Coney and Schnorf, they could have sought to depose a different designee under Rule 30(b)(6). Further, Big Lots has consistently listed Waite as one of the witnesses it planned to call in each of the witness lists that this Court required the parties to file. Big Lots has submitted unrebutted evidence that as early as November 15, 2007, its lawyer notified plaintiffs' counsel that Waite was the most knowledgeable of its employees on certain topics, including Big Lots' good faith defenses, and that it planned to call Waite as a witness on those issues. (*See* R. Doc. 338-3.) Big Lots relayed to plaintiffs that if they "would like

15

to depose Waite on those issues, we will make him available on a mutually agreed date in Columbus." (*Id.*) The record is devoid of any evidence that Big Lots prevented plaintiffs from deposing Waite, and plaintiffs have submitted no evidence that they ever tried to do so after the June 2006 deposition. A motion on the eve of trial to exclude a witness is not the proper vehicle to correct a discovery lapse.   Considering the weight of authority and the history and posture of this case, the Court does not find grounds to exclude Waite for any of the reasons addressed by plaintiffs.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion.

New Orleans, Louisiana, this 2nd day of May 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE