UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOHNSON, *ET AL.*                    CIVIL ACTION

VERSUS                                    NO: 04-3201 c/w
                                               05-6627

BIG LOTS STORES, INC.                     SECTION: R(1)


**ORDER AND REASONS**

Before the Court is plaintiffs' motion to quash defendant's trial subpoenas that it has served and seeks to serve on opt-in plaintiffs who live outside the State of Louisiana. For the following reasons, the Court GRANTS plaintiffs' motion.


**I.    BACKGROUND**

This case involves the overtime pay claims of current and former assistant store managers (ASMs) of defendant Big Lots Stores, Inc. Plaintiffs allege that Big Lots did not pay them for overtime work and that it misclassified them as executive employees exempt from overtime pay requirements, in violation of

§§ 207(a)(1) and 213(a)(1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207(a)(1), 213(a)(1). The Court certified this matter as a collective action under § 216(b) of the FLSA, 29 U.S.C. § 216(b). The group of plaintiffs consists of 936 current and former Big Lots ASMs who opted into this suit. A nonjury trial is set to begin on Wednesday, May 7, 2008 in New Orleans, Louisiana.

Big Lots has issued subpoenas for 10 opt-in plaintiffs, commanding their appearance in court on the first day of trial. All of these plaintiffs were deposed by Big Lots in this case. Big Lots issued its first trial subpoena for an opt-in plaintiff on April 17, 2008; it issued the other nine subpoenas on April 21, 2008. (*See* R. Docs. 357-3 – 357-12.) Big Lots has served some, but not all, of these 10 opt-in plaintiffs at their residences. All but one of the opt-in plaintiffs for whom Big Lots has issued trial subpoenas reside outside of the State of Louisiana and more than 100 miles from the courthouse. Elaine Zeringue lives in Plattenville, Louisiana, roughly 70 miles from New Orleans. Plaintiffs do not challenge Big Lots' subpoena of Zeringue.

## II.  DISCUSSION

Plaintiffs now move to quash the nine trial subpoenas that Big Lots has issued for opt-in plaintiffs residing outside of Louisiana. They argue that this Court's power to issue subpoenas is limited to the places specified in Federal Rule of Civil Procedure 45(b)(2). Plaintiffs contend that all of the persons for whom Big Lots has issued trial subpoenas, except Zeringue, are beyond the reach of the Court's subpoena power because they live outside of Louisiana and more than 100 miles from New Orleans. In response, Big Lots argues that Rule 45(c)(3)(A)(ii), as interpreted by another court in this district in *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006), expands the subpoena power of courts of the United States over parties and party officers beyond the longstanding 100-mile territorial limit. In other words, Big Lots argues that Rule 45(c)(3)(A)(ii) effectively provides for nationwide service of subpoenas on parties and party officers. Regardless of where the nine out-of-state opt-in plaintiffs might be served, Big Lots maintains, Rule 45(c)(3)(A)(ii) gives this Court the authority to command their presence by subpoena because they are plaintiffs in this collective action. The Court determines, however, that neither the text of Rule 45 nor its history supports Big Lots' interpretation and that the Court does not have the power to

subpoena the nine out-of-state, opt-in plaintiffs whom Big Lots has served or is attempting to serve.

## A.  The Geographic Limitations on the Court's Subpoena Power under Fed. R. Civ. P. 45

Federal Rule of Civil Procedure 45 generally governs subpoenas issued by courts of the United States. Rule 45(b)(2) defines the places where a subpoena may be served. Recently amended on December 1, 2007, it provides:

> (2)  Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
> (A)  within the district of the issuing court;
>
> (B)  outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
>
> (C)  within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial production, or inspection; or
>
> (D)  that the court authorized on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2). As Rule 45(b)(2) states, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which is part of a broader subdivision of Rule 45 that provides various protections for a person subject to a subpoena. Rule 45(c)(3)(A) sets forth conditions under which a court must quash a subpoena.

It provides, in relevant part:

>    (3)   Quashing or Modifying a Subpoena.
>
>>    (A)   When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>>
>>>    (i)   fails to allow a reasonable time to comply;
>>>
>>>    (ii)  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; [or]
>>>
>>>    . . .
>>>
>>>    (iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A). Rule 45(c)(3)(B)(iii) in turn

provides:

>>    (B)   When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>>
>>    . . .
>>
>>>    (ii)  a person who is neither a party nor a party's officer to incur substantial expenses to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(B)(iii). As noted, Congress recently

amended Rule 45. The 2007 amendments extensively revised the

organization of Rule 45(b)(2), but they did not alter its

substance. The stylistic revisions consisted of breaking up the

5

pre-2007 rule from one large paragraph into component parts under separate subsection headings. *See* Wright and Miller, 9A *Federal Practice and Procedure* § 2451 at 383 (3d ed. 2008) (describing the 2007 amendments as making "purely formal" changes). For purposes of this analysis, recently amended Rule 45(b)(2) is the same as the pre-2007 version that was analyzed in *Vioxx* and other cases discussed *infra*.

There is a disagreement among courts about whether Rule 45(c)(3)(A)(ii) authorizes courts of the United States to issue subpoenas to parties and party officers in places outside the territorial limits defined in Rule 45(b)(2). A majority of courts have ruled that it does. *See In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664, 666 (E.D. La. 2006) (citing cases). In *Vioxx*, another court in this district recently addressed this question in the context of a motion to quash a subpoena commanding an officer of the defendant corporation to appear in New Orleans for a bellweather trial as part of multidistrict litigation proceedings under 28 U.S.C. § 1407. The defendant's officer lived in Pennsylvania, and counsel for the plaintiffs' steering committee (PSC) served defense counsel with the trial subpoena in Chicago. The court rejected the defendant's argument that the subpoena should be quashed because the PSC served the defendant's officer outside the places identified in

6

Rule 45(b)(2). The defendant in *Vioxx* argued that Rule 45(B)(2) defines courts' subpoena powers and "only allows service of a trial subpoena within 100 miles of the place of trial," whereas Rule 45(c)(3)(A)(ii) deals only with the conditions under which a court must quash a subpoena properly issued within its power. *Id.* at 665. Rejecting this argument, the *Vioxx* court read Rule 45(c)(3)(A)(ii) as mandating that a court quash a subpoena only if it required a *non*party witness to travel more than 100 miles from his place of residence or employment to attend the trial. It drew an "inverse inference" that Rule 45(b)(2), read in conjunction with Rule 45(c)(A)(ii), empowers a court to subpoena parties and party officers "to attend trial beyond the 100 mile limit." *Id.* at 667. Stressing the exigencies of the multidistrict litigation proceedings, the strong interest in conducting a full-scale bellweather trial, and the relative ease with which the defendant's officer could travel from Pennsylvania to New Orleans, the court concluded that it had the power to compel the officer's attendance.

A minority of courts have ruled the other way, essentially holding that Rule 45(b)(2) defines the scope of a court's subpoena power and the places where a trial subpoena may be properly served. They find that Rule 45(c)(3)(A)(ii) imposes a limitation on that power but does nothing to expand the scope of

7

the power beyond the parameters set forth in 45(b)(2). As far as the Court can tell, three courts have taken this position, with one issuing its decision recently and in full consideration of the majority view. *See Mazloum v. Dist. of Columbia Metro. Police Dep't*, ___ F.R.D. ___, 2008 WL 1028352 (D.D.C. 2008); *Jamsports and Entm't, LLC v. Paradama Productions, Inc.*, No. 02 C 2298, 2005 WL 14917 (N.D. Ill. Jan. 3, 2005); *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388 (N.D. Iowa 1998). Further, no circuit court appears to have addressed this question. The parties have not cited any circuit authority, no district court that has considered this question has relied on any circuit court decisions, and this Court has found none. Although the Court has the greatest respect for the courts taking the majority position, the Court concludes that the minority position is the better view.

The starting point of the Court's analysis is the text of Rule 45 itself. *See Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 222 (5th Cir. 2007). In interpreting the rule, the Court considers the "plain, ordinary meaning of the language of the rule," *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)), as well as the context of the words. *Id.* (citing *Bailey v. United States*, 516

8

U.S. 137, 145 (1995)). Oddly, both the *Vioxx* court and courts adopting the minority position hinged their decisions on the "plain meaning" of the words in the rules, yet they came out different ways. *Compare Vioxx*, 438 F. Supp. 2d at 667 (explaining that the "plain, unambiguous language of Rule 45 . . . empowers the Court to subpoena . . . an officer of a party, to attend a trial beyond the 100 mile limit"), *with Mazloum*, 2008 WL 1028352, at \*3-\*4 (reasoning, "based simply on the text of Rule 45(b)(2)" and "the terms of Rule 45(c)(3)(A)(ii)," that the majority view that a party witness may be properly served with a subpoena beyond the 100-mile limit does "not logically follow from the text of" Rule 45); *Jamsport*, 2005 WL 14917, at \*1 (concluding that "the text of the Rule" does not "expand[ ] the geographic reach of a court's subpoena power with regard to a person who is a party or an officer of party"); *and Johnson*, 181 F.R.D. at 397 (limiting it analysis to the text of Rule 45 and concluding that "Rule 45(c)(3)(A)(ii) simply does not extend the range of this court's subpoena power").

Nothing in the language of Rule 45(b)(2) itself provides for service at any *place* other than those locations specified in the rule itself. As the authors of an authoritative treatise on federal practice and procedure explain, Rule 45(b)(2) "states only that a subpoena may be served at *any place listed* in

9

subdivisions (b)(2)(A)-(D). The provisions concerning the *possibilities* for *proper service*" are listed in 45(b)(2). Wright and Miller, 9A *Federal Practice and Procedure* § 2451 at 387 (emphasis added). The terms of Rule 45(b)(2) themselves do not provide for nationwide service of a subpoena. The Rule provides only that a subpoena may be served (A) within the judicial district of the issuing court; (B) in areas outside the district but within the 100-mile "bulge" from the location of the district court; (C) within the state of the issuing court consistent with state rules governing the power of state courts of general jurisdiction to issue trial subpoenas; or (D) under circumstances specifically provided for in a federal statute.

To read the "subject to Rule 45(c)(3)(A)(ii)" clause as *expanding* the territorial reach of where a party or party officer may be served with a trial subpoena ignores the ordinary meaning of the phrase "subject to." The phrase "subject to" ordinarily operates to limit a power or right, not expand it. *See Mazloum*, 2008 WL 1028352, at *3. *Webster's* defines "subject to" as meaning "dependent upon something," as in "His consent is subject to your approval." *Webster's College Dictionary* 1330 (1991) (def. 16). When a rule or statute defining a judicial power or a legal right is "subject to" a cross-referenced rule or statute, the ordinary sense of that construction is that the power or right is *limited*

10

by the cross-referenced provision. *See, e.g., Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 763 n.19 (5th Cir. 2001) (quoting and explaining that under 31 U.S.C. § 3730(c)(1), if the Executive intervenes in a *qui tam* action, the relator "shall have the right to continue as a party to the action, *subject to the limitations* set forth in paragraph (2)" of the statute). Another familiar example is a cause of action that is "subject to" a statute of limitations. *See, e.g., Dell Computer Corp. v. Rodriguez*, 390 F.3d 377, 389 n.26 (5th Cir. 2004). Courts also frequently use the phrase "subject to" in judicial decisions to explain a limitation or subordinating effect. *See, e.g., Virginia v. Maryland*, 540 U.S. 56, 69-70 (2003) (discussing whether Virginia's riparian rights to use the Potomac River under an interstate compact are "subject to Maryland's regulations" in the sense of whether they are "limited" to certain circumstances); *Lipscomb v. Columbus Municipal Separate Sch. Dist.*, 269 F.3d 494, 505 (5th Cir. 2001) (explaining that a State's power to impair purely financial obligations under a theory of state sovereignty is "subject to the Contract Clause" of the Constitution, art. I, § 10, in the sense that it is limited by the Contract Clause).

So, the Court approaches the question of how Rule 45(c)(3)(A)(ii) affects the geographic scope of its power to issue trial subpoenas as defined in Rule 45(b)(2) from the

perspective that the language in the cross-referenced ("subject to") clause ordinarily serves a limiting purpose. Again, Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that

> requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Nothing in that text affirmatively expands the geographic scope of where the Court may issue subpoenas. It spells out only the conditions under which a court *must* quash a subpoena.

Relying on the reasoning in *Vioxx*, Big Lots argues that the "subject to" clause broadens the territory in which a party or party officer may be served with a subpoena because Rule 45(c)(3)(A)(ii) specifically exempts such individuals from the requirement that a subpoena be quashed if it requires a person served to travel more than 100 miles from his or her home or place of employment or business. Big Lots argues that the Court should draw a negative inference from the distinction that the rule draws between nonparty witnesses and parties to a civil action. That conclusion, however, does not logically follow from the wording of Rule 45(c)(3)(A)(ii) or its relationship with Rule 45(b)(2).

12

       To reach that result the Court would have to turn a clause intended as a limiting clause on its head and ignore the territorial restrictions on where a trial subpoena may be properly served. The position of Big Lots would essentially require the Court to read the limiting ("subject to") clause of Rule 45(b)(2) as stating "*In addition to the provisions* of Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:" *Mazloum*, 2008 WL 1028352, at *3. The Court would then have to impute, when Rule 45(b)(2) does not so provide, that a subpoena for a party or its officer may be properly served anywhere in the country. Reading Rule 45(c)(A)(3)(ii) as creating a scheme of nationwide subpoena service, if only on parties, would have the effect of rendering Rule 45(b)(2) pointless with respect to parties and party officers. Under the majority view, it does not matter whether a subpoena is served on a party or party officer in any of the places listed in 45(b)(2). In other words, there is no requirement that service must be made in accordance with those territorial limitations in order for it to be proper. But as Wright and Miller explain, Rule 45(c) establishes permissible limits on a *properly served* subpoena. *See* Wright and Miller, 9A *Federal Practice* § 2462 at 476 (explaining that Rule 45(c)(A)(3)(ii) "authorizes the district court to limit the use of subpoenas even when they comply with Rule 45(a) and (b)"). *See*

*also Mazloum*, 2008 WL 1028352, at *4 (explaining that "the upshot of Rule 45(c)(3)(A)(ii) with respect to *party* witnesses is . . . that a court is not *required* to quash a *properly* served subpoena even if it required a party witness to travel more than 100 miles") (emphasis in original); *Jampsort*, 2005 WL 14917, at *1 (reading the cross-reference to Rule 45(c)(3)(A)(ii) in rule Rule 45(b)(2) to mean "that *even if* service of a subpoena is *otherwise proper* under Rule 45(b)(2), the subpoena is to be quashed if it imposes a requirement identified in Rule 45(c)(3)(A)(ii)") (emphasis added); *Johnson*, 181 F.R.D. at 397 (explaining that "Rule 45(c)(3)(A)(ii) allows for quashing a subpoena *otherwise within the court's subpoena power*") (emphasis added). Thus, in order for a subpoena to be properly served and have force, it must be served in accordance with the terms set forth in Rule 45(b)(2). Rule 45(c)(3)(A)(ii) spells out circumstances when a court must quash a subpoena, but it does not alter the requirements for proper service of a subpoena.

It strikes the Court as exceedingly odd that Congress would create a system of nationwide subpoena service in the backhanded manner that Big Lots suggests. It is even odder that Congress would do so in a subsection with the heading "Protecting a Person Subject to a Subpoena." Fed. R. Civ. P. 45(c). Although a subsection heading or title is not necessarily determinitive of a

14

statute's meaning, it may be considered to clarify ambiguities.
*See United States v. Kay*, 359 F.3d 738, 742-43 (citing *United States v. Marek*, 238 F.3d 310, 321 (5th Cir. 2001)). The Court's perspective is further informed by the observation that when Congress has sought to provide for service of subpoenas in places other than those listed in Rule 45(b)(2), it has done so with unmistakable clarity. For example, the federal antitrust statute provides:

> In any suit, action, or proceeding brought by or on behalf of any of the United States subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: *Provided*, That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

15 U.S.C. § 23. Likewise, in the context of veteran's benefits, the National Service Life Insurance Act provides that in suits involving claims for war risk insurance:

> subpenas [*sic*] for witnesses who are required to attend a court of the United States in any district may run into any other district. However, no writ of subpena [*sic*] shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the court being first had upon proper application and cause shown.

38 U.S.C. § 1984(c). Rule 17(e)(1) of the Federal Rules of

Criminal Procedure is another straightforward example of a rule providing for nationwide subpoena service. The rule provides: "A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States." Fed. R. Crim P. 17(e)(1). This rule and the other statutes cited illustrate that when Congress intends to provide for nationwide subpoena service, it knows how to do it in unambiguous terms.

In general, the Fifth Circuit adheres to the "basic rule of statutory construction that one provision of a statute should not be interpreted in a manner that renders other sections of the same statute inconsistent, meaningless, or superfluous." *United States v. Sanchez-Villalobos*, 412 F.3d 572, 576 (5th Cir. 2005). Here, subdivisions (b)(2) and (c)(3)(A)(ii) of Rule 45 can be read harmoniously together, in way that gives each provision real force without one swallowing the other, and in a way that is consistent with the history of Rule 45, as discussed *infra*.

The better reading of subdivisions (b)(2) and (c)(3)(A)(ii) of Rule 45 is that the territorial scope of a court's subpoena power is defined by subdivision (b)(2), subject to the limitations spelled out in subdivision (c)(3)(A)(ii). Thus, to compel a person to attend trial, the person must be served with a subpoena in one of the places listed in Rule 45(b)(2) *and* not be subject to the protection in Rule 45(c)(3)(A)(ii), which protects

16

nonparty witnesses who work or reside more than 100 miles from the courthouse, but not parties or party officers. Thus, for example, if both a nonparty witness and a party, both residents of Texas, in a case before this Court were served with trial subpoenas at their depositions in New Orleans, the Court would have to grant the nonparty witness's motion to quash under Rule 45(c)(3)(A)(ii), but under that same rule, the party could be compelled to appear at trial. A similar situation presented itself in this case. A number of opt-in plaintiffs traveled to New Orleans to give videotaped depositions for perpetuation purposes. Even though Big Lots could have issued subpoenas to those individuals at their depositions to compel their attendance at trial, it did not. Had it done so, the Court would have no trouble in denying plaintiffs' motion to quash. But the Court will not acrobatically interpret Rule 45 to give force to Big Lots' procedurally improper subpoenas.

The Court also considers the place of Rule 45(b)(2) in the broader procedural framework established by the Rules. *See United States v. Cyprian*, 197 F.3d 736, 739 (5th Cir. 1999) (explaining that, in interpreting a statute, courts should "look to placement and purpose in the statutory scheme" in addition to looking to the "plain meaning") (internal quotations and citations omitted). The broader context of the Federal Rules also militates in favor

17

of quashing Big Lots' subpoenas. The Court observes that Big Lots may present the video deposition testimony and transcripts of the nine out-of-state, opt-in plaintiffs whom it has attempted to subpoena, just as the Federal Rules provide. It is true that a witness's live testimony is often preferable to the presentation of deposition testimony. But the Federal Rules anticipate the unavailability of a witness and provide mechanisms to ensure that a party can first gather that witness's testimony and then present it at trial. Rule 45 itself provides for subpoenas of individuals to attend depositions. *See* Fed. R. Civ. P. Rule 45(a)(1)(B). The court for the district where the deposition is to be taken — which is not necessarily the same as the trial court — may issue a deposition subpoena. *See* Fed. R. Civ. P. 45(a)(2)(B). And Rule 32 explicitly provides for the use of depositions when a witness is unavailable either because that witness lives more than 100 miles from the place of the hearing or refuses to comply with a subpoena. *See* Fed. R. Civ. P. 32(a)(4)(B), (D). That the rules provide procedures for presenting testimony in situations like the one that exists here further counsels against reading Rule 45(b)(2)'s cross-reference to Rule 45(c)(3)(A)(ii) as creating nationwide subpoena service for parties and party officers.

18

**B.    Rule 45 Has Not Evolved to Provide for Nationwide Subpoena Service**

The Court's determination that the text of Rule 45 does not provide for nationwide subpoena service would ordinarily conclude its analysis. *See In re Rogers*, 513 F.3d 212, 225-26 (5th Cir. 2008). But because the majority view derives, in part, from the addition of subdivision (c)(3)(A)(ii) to Rule 45 by the 1991 amendments, the Court finds it prudent to address why the 1991 amendments to the rule did not create a system of nationwide subpoena service. *See, e.g., In re Ames Dep't Stores, Inc.*, Adv. No. 04-3072(REG), 2004 WL 1661983, at *1 (Bkrtcy. S.D.N.Y. June 25, 2004) (noting that "the pre-1991 Rule did not by its terms make distinctions between parties and non-parties, and thereafter did"). And while the Court need not rely on the history of Rule 45, it supports the Court's reading that Rule 45(b)(2) limits the places in which proper subpoena service may be made and that Rule 45(c)(3)(A)(ii) functions to limit a court's subpoena power once the subpoena is properly served within the court's assigned territorial boundaries.

The *Vioxx* court thoroughly discussed the historical evolution of the territorial limitations on federal courts' subpoena powers and the 100-mile rule. *See Vioxx*, 438 F. Supp. 2d at 667-68. But it is worth mentioning that courts' powers to

19

issue subpoenas have long been geographically restricted.
Limitations on where a subpoena may be served are almost as old
as the nation itself. The Judiciary Act of 1793 provided in
relevant part:

> [S]ubpoenas for witnesses who may be required to attend a
> court of the United States, in any district thereof, may run
> into any other district: Provided, That in civil causes, the
> witnesses living out of the district in which the court is
> holden, do not live at a greater distance than one hundred
> miles form the place of holding the same.

Ch. 22 § 6, 1 Stat. 333, 335 (1793). Federal courts' subpoena
powers have been limited ever since.

In 1991, Rule 45 underwent a wholesale revision. The major
changes that are pertinent to this matter involved relocating the
definition of where a subpoena might be served from subdivision
(e) to subdivision (b), and the addition of subdivision (c),
providing certain protections for persons subject to subpoenas.
Before the 1991 amendments, Rule 45(e)(1) defined the places
where a subpoena could be served. It provided:

> (1)   At the request of any party subpoenas for attendance at
> a hearing or trial shall be issued by the clerk of the
> district court for the district in which the hearing or
> trial is held. A subpoena requiring the attendance of a
> witness at trial may be served at any place within the
> district, or at any place without the district that is
> within 100 miles of the place of the hearing or trial
> specified in the subpoena, or at a place within the
> state where a state statute or rule of court permits
> service of a subpoena issued by a state court of
> general jurisdiction sitting in the place where the
> district court is held. When a statute of the United

20

> States provides therefor, the court upon proper
> application and cause shown may authorize the service
> of a subpoena at any other place.

Fed. R. Civ. P. 45(e)(1) (1990). The 1991 amendments did not

alter the territorial scope for proper subpoena service as

earlier defined in subdivision (e). But with the adoption of the

1991 amendments, courts' subpoena powers became subject to the

provisions of newly revised subdivision (c), which now provided

for "protection of persons subject to subpoena." With the

adoption of the 1991 amendments, Rule 45(b)(2) provided:

> Subject to the provisions of clause (ii) of subparagraph
> (c)(3)(A) of this rule, a subpoena may be served at any
> place within the district of the court by which it is
> issued, or at any place without the district that is within
> 100 miles of the place of the deposition, hearing, trial,
> production, or inspection specified in the subpoena or at
> any place within the state where a state statute or rule of
> court permits service of a subpoena issued by a state court
> of general jurisdiction sitting in the place of the
> deposition, hearing, trial, production, or inspection
> specified in the subpoena. When a statute of the United
> States provides therefor, the court upon proper application
> and cause shown may authorize the service of a subpoena at
> any other place. A subpoena directed to a witness in a
> foreign country who is a national or resident of the United
> States shall issue under the circumstances and in the manner
> and be served as provided in Title 28, U.S.C. § 1783.

Fed. R. Civ. P. 45(b)(2) (amended Apr. 30, 1991, eff. Dec. 1,

1991). Subdivision (c)(3)(A)(ii) added in 1991 reads much as it

does now. It provided:

> On a timely motion, the court by which a subpoena was issued
> shall quash or modify the subpoena if it . . . requires a
> person who is not a party or an officer of a party to travel

> to a place more than 100 miles from the place where that
> person resides, is employed or regularly transacts business
> in person, except that, subject to the provisions of clause
> (c)(3)(B)(iii) of this rule, such a person may in order to
> attend trial be commanded to travel from any such place
> within th estate in which the trial is held . . . .

Fed. R. Civ. P. 45(c)(3)(A)(ii) (amended Apr. 30, 1991, eff. Dec. 1, 1991). As noted, *supra*, the current versions of Rule 45(b)(2) and Rule 45(c)(3) are substantively the same as the 1991 amendments. Further, there is no substantive difference in the territorial limits for proper subpoena service between the pre-1991 version of Rule 45, Rule 45 as amended in 1991, and the current version amended as of December 1, 2007. Thus, the Court discerns nothing in the 1991 textual revision of Rule 45 that created nationwide subpoena service.

Nor does the official advisory committee's note signal that the 1991 amendments created a system of nationwide subpoena service for parties and party officers. The advisory committee explained that the purposes of the 1991 amendments were

> (1) to clarify and enlarge the protections afforded persons
> who are required to assist the court by giving information
> or evidence; (2) to facilitate access outside the deposition
> procedure provided by Rule 30 to documents and other
> information in the possession of persons who are not
> parties; (3) to facilitate service of subpoenas for
> depositions or productions of evidence at places distant
> from the district in which an action is proceeding; (4) to
> enable the court to compel a witness found within the state
> in which the court sits to attend trial; [and] (5) to
> clarify the organization of the text of the rule.

Fed. R. Civ. P. 45, advisory committee's note (1991). Nothing in the committee's explanation suggests a scheme of nationwide service. The committee explained that the revision of subdivision (c) enlarged and clarified the protections afforded to persons subject to subpoena that had emerged in court decisions. But it said nothing about expanding the scope of the places where proper subpoena service might be made. The only mention of an expansion of judicial power was that the amendments enabled a court to exercise subpoena power over a witness found *within the state* in which the court sits.

Further, before the 1991 amendments, courts recognized not only that they did not have the power to compel the presence of witnesses who lived beyond the 100-mile bulge or outside of the state in which they sat, but also that *service* of a subpoenda had to made in accordance with the terms of Rule 45(e) in order to be valid. The decision in *Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6 (N.D. Ill. 1986), illustrates the view that Rule 45(e) established territorial limits on service that had to be followed in order to for subpoena service to be proper. At issue in *Hecht* was whether the defendant could be held in contempt for failing to comply with a subpoena *duces tecum* that was served on him in Ohio by not bringing certain documents to the trial in Chicago. The court concluded that the defendant could not be held in

23

contempt for his failure to comply with the subpoena because the subpoena itself was invalid. The court explained that

> it is not generally necessary to use a subpoena to get documents from the opposing party. Having chosen a subpoena as his method, however, plaintiff was obliged to follow the geographical limitations on service. Because it took place in Ohio, well over 100 miles from the district, service was improper and consequently the subpoena was invalid.

*Id.* at 11. *See also, e.g., In re Guthrie*, 733 F.2d 634, 637-38 (4th Cir. 1984) (quashing deposition subpoena served outside of state and beyond the territorial limit set forth in Rule 45 and observing that courts had no more subpoena power than the granted by Rule 45(e)); *United States v. Daewoo Int'l (America) Corp.*, 710 F. Supp. 1383, 1385 (Ct. Int'l Trade 1989) (recognizing that "federal courts under Rule 45(e) . . . have consistently refused to compel witnesses to appear at trial unless they can be served at any place within the district or without the district that is within 100 miles of the trial situs); *Los Angeles Mem. Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (explaining that "[w]itnesses may not be compelled to attend trial unless they can be *served* with subpoenas *within* the trial district, or at any place outside of the district that is within 100 miles of the place of trial") (emphasis added). In light of the widespread recognition among courts that their subpoena powers were limited to the places listed in old Rule

45(e), if the 1991 amendments created a system of nationwide subpoena service, it would be reasonable to expect that the rule itself would unambiguously say so, as Federal Rule of Criminal Procedure 17(e)(1) does, and that the committee would have so stated.

Before the 1991 amendments to Rule 45, several commentators drew attention to the shortcomings of the 100-mile rule of Rule 45(e) with respect to parties and party officers in the context of complex and multidistrict litigation. *See generally* Cathaleen A. Roach, *It's Time to Change the Rule Compelling Witness Appearance at Trial: Proposed Revisions to Federal Rule of Civil Procedure 45(e)*, 79 Geo. L.J. 81 (1990); Richard J. Oparil, *Procuring Trial Testimony from Corporate Officers and Employees: Alternative Methods and Suggestions for Reform*, 25 Akron L. Rev. 571 (1991); Rhonda Wasserman, *The Subpoena Power: Pennoyer's Last Vestige*, 74 Minn. L. Rev. 37 (1989) (criticizing state court systems for holding onto 100-mile rule); Carolyn Hertzberg, Note, *Clever Tool or Dirty Pool? WPPS Closed Circuit Testimony and the Rule 45(e) Subpoena Power*, 21 Ariz. St. L.J. 275 (1989). As the rule stood before the 1991 amendments, parties and party officers could avoid appearing at trial simply because they lived more than 100 miles from the courthouse. To be sure, the 1991 amendments addressed that problem with the addition of

subdivision (c)(3)(A)(ii): parties and party officers can no longer escape the force of a trial subpoena merely because they live far away from the site of trial. But as discussed *supra*, the 1991 amendments did not change the well-recognized requirement that the subpoena itself must still be *served* within the territorial boundaries demarcated in the rule in order to be valid. Indeed, less than a year after the 1991 amendments to Rule 45 became effective, commentators were decrying the inadequacies of the amendments, noting that under the 1991 amendments the "archaic 100 mile Rule itself remains *untouched and unimproved*." James B. Sloan and William T. Gotfryd*, Eliminating the 100 Mile Limit for Civil Trial Witnesses: A Proposal to Modernize Civil Trial Practice*, 140 F.R.D. 33, 34 (1992)(emphasis added). To eliminate the 100-mile rule, those commentators proposed that Rule 45(b)(2) be amended to read: "A subpoena requiring the attendance of a witness at a hearing or trial . . . may be served at any place within the United States." *Id.* at 40. That language, which closely resembles Federal Rule of Criminal Procedure 17(e)(1), would appear to provide for nationwide subpoena service. But it is not part of the Federal Rules, and the 1991 amendments retained the well-established limitations on the territorial scope of courts' subpoena powers. Moreover, courts considering the effect of the 1991 amendments — even courts

26

adopting the majority view — have acknowledged that "nothing in the history or adoption of current Rule 45(b)(2) . . . conveys any intention to alter the 100 mile rule." *Vioxx*, 438 F. Supp. 2d at 667. *See also Jamsport*, 2005 WL 14917, at *1. The "realities of modern life and multi-district litigation," *Vioxx*, 438 F. Supp. 2d at 667, may present compelling reasons for nationwide subpoena service, but until the Rules provide for such a scheme, the Court is bound to apply the Rules as they are written.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion and ORDERS that the subpoenas that Big Lots issued for the nine out-of-state, opt-in plaintiffs be quashed. Big Lots may, however, call the witnesses for whom it has issued subpoenas by deposition.

New Orleans, Louisiana, this <u>6th</u> day of May, 2008.

_Sarah Vance_
_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

27