UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN JOHNSON, ET AL.                           CIVIL ACTION

VERSUS                                         NO: 04-3201 c/w
                                               05-6627

BIG LOTS STORES, INC.                          SECTION: "R" (1)


**ORDER AND REASONS**

Before the Court is defendant Big Lots Stores, Inc.'s motion for costs incurred in its defense against plaintiffs James Alford, Robert Charles, and Patty Hecker. (R. Doc. 531). For the following reasons, the Court DENIES the motion.

**I.  Background**

In 2004, plaintiffs brought this overtime pay action against their employer, Big Lots Stores, Inc., under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201—219. As initially filed, plaintiffs were part of an original group of forty-five current or former Big Lots Assistant Store Managers (ASMs). Plaintiffs

alleged they were misclassified as executive employees and thereby unlawfully denied overtime pay in violation of 29 U.S.C. § 207(a)(1) of the FLSA. The Court conditionally certified the case as a collective action on July 6, 2005 (R. Doc. 36), and nine hundred and thirty-six additional plaintiffs opted into the proceeding thereafter. On May 7-14, 2008, the Court conducted a seven-day bench trial in the matter and determined that the case was not fit for adjudication as a collective action. As a result, the Court issued an order decertifying the class and dismissing the opt-in plaintiffs. (R. Doc. 401).

Since that time, the Court resolved the claims of the original plaintiffs. Two plaintiffs, John Johnson and Robert Charles Burden, prevailed on the merits after a two-day bench trial. (R. Doc. 500). The Court also heard evidence regarding the claim of Alford at the Johnson and Burden trial. But Alford moved for voluntary dismissal, and the Court dismissed his claims with prejudice before rendering a decision on the merits of his claim. (R. Docs. 495, 497, 504). In addition, the remaining forty-two original plaintiffs, including Charles and Hecker, moved for voluntary dismissal. As with Alford, the Court dismissed each plaintiff, with prejudice. *Id.* In every dismissal order, the Court stated that each party was to bear its own costs. The dismissal orders were filed by the parties and signed by the Court. After the Court entered judgment for

Johnson and Burden on their claims, each moved for attorneys' fees and non-taxable costs. At the same time, Big Lots also moved the Court for costs in connection with the Court's June 20, 2008 order decertifying the collective action. (R. Doc. 401). On June 25, 2009 the Court granted Johnson's and Burden's motion for attorneys' fees and denied Big Lots's motion for costs. (R. Doc. 527). In addition, the Court stated in its order that Big Lots could recover costs in regard to the plaintiffs who had voluntarily dropped their cases. Because Big Lots had not submitted bills of cost at that time, the Court did not assess any costs against the voluntarily dismissed plaintiffs in the June 2009 order. At issue in this motion is who is responsible for the costs in the actions in which plaintiffs voluntarily dismissed their cases with prejudice.

**II. Discussion**

Big Lots argues that it is the "prevailing party" with regard to those plaintiffs who voluntarily dismissed their suits, and is thus entitled to costs. (R. Doc. 532). This Court's June 2009 Order found that Big Lots was, by law, a "prevailing party" under Rule 41(a). (R. Doc. 531)(*citing Sheets*, 891 F.2d at 539(affirming taxing of costs against defendant despite the fact that it was the prevailing party even though plaintiff's claims were dismissed against it with prejudice); *Schwarz v. Folloder*,

3

767 F.2d 125 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party and should ordinarily be entitled to costs."); *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("The Defendants, having obtained from [plaintiff] a voluntary dismissal with prejudice, are considered prevailing parties."); *Claiborne v. Wilson*, 414 F.3d 715, 719 (7th Cir. 2005) (dismissal with prejudice makes defendants prevailing party "because it terminates any claims [plaintiff] may have had against them arising out of this set of operative facts.")). As a result, the Court stated that "any costs directly related to the claims of the 43 individuals . . . will be taxed to those individual plaintiffs." (R. Doc. 527). The June 2009 order neither addressed the Court's previous orders of dismissal, nor did not it actually assess costs against plaintiffs on account of Big Lots's status as a "prevailing party." (R. Doc. 527). Big Lots now seeks costs in the amount of $12,189. Of the over $12,000 Big Lots seeks, $7,455.50 relates to deposition costs, $3,186.98 of which were incurred in defense of Alford's suit, $2,486.42 in defense of Charles's suit, and $1,782.10 in defense of Hecker's suit, respectively. (R. Doc. 531). Big Lots also seeks to recover costs associated with photocopying of trial exhibits and other documents filed in connection with Alford's trial in the amount of $4,734.30. (R.

4

Doc. 531).

The first-step in this Court's analysis is thus to determine which of its two orders governs the issue of costs incurred in Big Lots's defense against those claims voluntarily dismissed by plaintiffs in this case. Or, said differently, whether or not the Court's June 2009 order relieved Big Lots of its obligation to "bear its own costs." Because the Court finds that the June 2009 order did not relieve Big Lots of its obligation to bear costs as stated in the Court's February 2009 orders of dismissal, and because as a consequence Big Lots's motion for costs is not timely filed under Local Rule 54.3, the Court DENIES Big Lots' motion.

Federal Rule of Civil Procedure 60 addresses the conditions upon which a court may relieve a party or its legal representative from a final judgment. Fed. R. Civ. P. 60. Rule 60(a) concerns corrections based on clerical mistakes, oversights, or omissions. Fed. R. Civ. P. 60(a). Rule 60(b) concerns other potential grounds for relief. Fed. R. Civ. P. 60(b). Under Rule 60(b) a court will grant relief from a final judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or
>     discharged, or a prior judgment upon which it is based
>     has been reversed or otherwise vacated, or it is no
>     longer equitable that the judgment should have
>     prospective application; or
>     (6) any other reason justifying relief from the operation
>     of the judgment.

Fed. R. Civ. P. 60(b). Big Lots has not shown any of the above-listed reasons for relief from the February 2009 orders of dismissal and final judgments of this Court. Big Lots merely argues that this Court's subsequent order is inconsistent and therefore governs the issue. The only reference to the orders of dismissal in the Court's June 2009 order is in its description of the factual background of this case. In fact, the Court inadvertently overlooked the language in the earlier dismissal orders that each party bore its own costs. Had the Court recalled the language, it would not have *sua sponte* said that costs in the dismissed cases would be taxed against the plaintiffs. As such, the Court's June 2009 order was not intended to modify this Court's previous orders of dismissal.

In February, when the plaintiffs submitted their motions to voluntarily dismiss with prejudice, Big Lots should have been cognizant of its rights to receive costs. Plaintiffs submitted their motions to dismiss as "unopposed." And, plaintiffs now submit evidence that Big Lots not only provided plaintiffs with the dismissal orders filed with the Court, but it also instructed

plaintiffs that such orders were "the only acceptable form for Big Lots." (R. Doc. 532, Ex. A). These circumstances strongly suggest that Big Lots agreed to forego costs at the time plaintiffs dropped their cases.

Local Rule 54.3 directs that a party who is allowed costs shall submit a motion within thirty days "after receiving notice of entry of judgment, unless otherwise ordered by the court." E.D.La L.R. 54.3. The parties do not dispute that the Court's February 2009 orders of dismissal constitute final judgments for the forty-three plaintiffs who voluntarily dismissed their cases against Big Lots. Nor do the parties dispute that Big Lots did not move for costs within the thirty-day period allotted under the local rules. Big Lots provided plaintiffs with a form order dismissing their cases with "each party to bear their on costs." Big Lots could have left the issue silent and separately moved for costs after this Court's entry of judgment. Big Lots did not do so, even though it was the "prevailing party" under the applicable law. The Court's *sua sponte* statements in its June 2009 order were not intended to overrule a final judgment that reflected the parties' agreed disposition of this issue.

## III. Conclusion

For the foregoing reasons, the Court DENIES Big Lots's motion.

New Orleans, Louisiana, this <u>16th</u> day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE